# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. BARAONA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-1448-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>ORDER GRANTING MOTION TO SUPPLEMENT THE FIRST AMENDED COMPLAINT<br><br>(ECF NO. 11)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 24, 2021 in the Sacramento Division of this Court. As venue was proper in the Fresno Division, this action was transferred on September 29, 2021. Plaintiff was granted in forma pauperis status on October 1, 2021. Plaintiff's complaint, filed on September 24, 2021, was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on January 24, 2021, is currently before the Court for screening. (ECF No. 10.) On January 26, 2022, the Court received a supplemental document mailed from Plaintiff. (ECF NO. 11.) Plaintiff stated that the day after he mailed the first amended complaint, an officer brought him a page that had apparently fallen out of the complaint that contains further allegations (failure to

intervene), and Plaintiff asks to add this page to his first amended complaint. The Court accepted the document as motion to supplement or correct a clerical error with the complaint and includes the additional page in screening the complaint.

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison in Sacramento, California. The events in the complaint are alleged to have occurred at California State Prison at Corcoran, California ("Corcoran"). Plaintiff names as defendants: (1) Baraona, Sergeant, (2) Hernandez, Correctional Officer, (3) A. Ruiz, Correctional Officer, (4) E. Ruiz, Correctional Officer, (5) Leos, Correctional Officer, (6) Gutierrez, Correctional Officer, (7) Diaz, Correctional Officer, (8)

Burneszki, Correctional Officer, (9) Meiers, Correctional Officer, (10) Roberts, Correctional Officer, (11) K. Cronister, psych. Tech, (12) Doctor Martinez, (13) A. Cruz, Correctional Officer, (14) Jane Doe Nurse.

Plaintiff alleges as follows. While he was secured in cuffs and leg irons, and no threat or resistance on January 20, 2021, Defendant Burneszki "started punching with another officer at my upper body area until I hit the ground, than he as a officer finish his sexual deprivation on me, he kicked me. (I assault him like 9 ys ago). This occurred coming from a therapy group on a escort back to my cell." (unedited text.)

As to Defendant Leos, Plaintiff alleges: "While without warning Leos stated whose the wetback now as he punches me many times as Burneszki joins in an the unprovoked attached. A Sergeant trips us having Leo make sexual comments such as 'your ass is so soft' while he is grinding it." (unedited text.)

Plaintiff alleges that Sergeant Baragna "admitted to planning attack by saying we brought you out last, he told me after I filed CDCR 602 form. During the specific escort he gave the clear signal to jump me in. He also tripped me." (unedited text.)

As to Defendant Hernandez, Plaintiff alleges that "while being placed in cage, he violently smashes my face on the grill part of it than I say why in he starts hammering with his clenched fist causing in-in-out dizziness, pain an confusing. As I'm re-slam on ground because unknown staff came in. While in this process another officer hits me a couple of times. On ground he yanks my balls so hard I felt a painful sensation I never felt as he yells I had em right in my hands, I fucken had em." (unedited text.)

As to Defendant Diaz, "as the alarm sounded on one side of the building, he came last. Once I was being thrown out of the cage to be slam without provocation, Diaz punch my facial and head area for no reason." (unedited text.)

As to Defendant Roberts, Plaintiff alleges as follows: he "sent all non-3A03 officers off unit and than went to lock door when second beating start."

Plaintiff alleges that "A. Ruiz was about 2-5 ft away from Hernandez when he hit me me many times to cause harm when I was in cage in. She could have had closed cage but

3

instead, allowed them to pull me back out in further brutalize me some more. Doctor Martinez, Cronister, E. Ruiz, Meiers, Gutierrez, A. Cruz as well. Same goes for them, they all done nothing." Plaintiff further alleges, "Gutierrez body was touching Hernandez, he could of grabbed him, could of states it's enough now. Martinez looked long enough than passed by. Cronister stood by with Jane Doe Nurse from the moment the alarm went off to Lt. Sanders did my use of force interview but both denied seeing anything. All of the three above was once in arms length or two to stopping the obvious unpenological premeditated attack to cause harm." (unedited text.)

Plaintiff seeks compensatory and punitive damages. Plaintiff seeks criminal charges against Defendants.

**III.    Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations do not put much of what occurred in context.  As to the claims found non-cognizible, see below, Plaintiff has been unable to cure this deficiency.

**B.  Supervisor Liability**

Insofar as Plaintiff is attempting to sue any defendant based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–

77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must... demonstrate that his deprivation resulted from an official policy or custom established by a... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff states a cognizable claim against Defendant Sergeant Baraona for planning the attack on Plaintiff.  Plaintiff alleges that Sergeant Baraona "admitted to planning attack by saying we brought you out last."  Plaintiff alleges Sergeant Baraona admitted the plan after Plaintiff filed a 602 grievance.  Construing the first amended complaint liberally, Defendant directed the excessive force violations.

### C.     **Eighth Amendment**

#### 1. **Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and

from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable excessive force against Defendant Burneszki and Defendant Leos for punching Plaintiff while Plaintiff was in cuffs and irons and not a threat or resisting.

Plaintiff states a cognizable claim for excessive force against Defendant Hernandez and Defendant Diaz for the force administered while Plaintiff was in the cage.

Plaintiff has stated a cognizable excessive force claim against the "another officer" who hit Plaintiff a couple of times and who grabbed Plaintiff's "balls."  The Court construes this allegation as alleging a DOE 1 Defendant.

### 2. Sexual Assault

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046.

"[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." Id. at 1145. Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." Id.; *see Palmer v. O'Connor*, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.' ").

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable claim against Defendant Leos.

Plaintiff fails to state a cognizable claim against any other defendant. Plaintiff does not allege that his "balls" were touched in any sexual manner. Plaintiff also fails to state a cognizable sexual assault claim against Defendant Burneszki for kicking Plaintiff and for the "another officer" who grabbed his genitals. Rather, any injury to his person occurred during the application of force.

### 3. Failure to Protect

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). " 'Deliberate indifference' has both subjective and objective

7

components." *Labatad v. Corr. Corp. of Am.,* 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate...safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.' " *Labatad*, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

Plaintiff alleges that A. Ruiz, Dr. Martinez, E. Ruiz, Meiers, Gutierrez, A. Cruz, K. Cronister and Jane Doe Nurse were all in a location and position where they could see Plaintiff being beaten and were in a location and position where they could have stopped the beating. Liberally construing the allegations in first amended complaint, Plaintiff states a cognizable claim for failure to protect against A. Ruiz, Dr. Martinez, E. Ruiz, Meiers, Gutierrez, A. Cruz, Cronister and Jane Doe Nurse.

Plaintiff fails to state a claim against Defendant Roberts because of Plaintiff conclusory allegations against Defendant Roberts. There are no facts that Defendant Roberts was aware of or in a position/location to protect Plaintiff. Plaintiff has been unable to cure this deficiency.

### D. Verbal Harassment

Plaintiff is advised that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987). Even verbal threats, without more, do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

### E. Bringing Criminal Charges

Plaintiff seeks criminal charges against Defendants.

Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D*., 410 U.S. 614 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the

state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."); *Smith v. Cambpell*, No. 119CV00271BAMPC, 2020 WL 4570336, at *4 (E.D. Cal. Aug. 7, 2020) (dismissing district attorneys for failure to state a claim for not criminally prosecuting Plaintiff's alleged assailants in state court.)

### F. Doe Defendants

The use of John Does in pleading practice is generally disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *Lopes v. Viera*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Plaintiff is advised that defendant Doe 1 and Jane Doe Nurse cannot be served until Plaintiff has identified the persons and filed a motion to substitute, or amended his complaint to substitute, the named defendants in place of the Doe defendant. For service to be successful, the Court and/or the United States Marshal must be able to identify and locate the defendants to be served. Plaintiff will be required to identify defendant Doe 1 and Jane Doe Nurse as the litigation proceeds. The Court notes that, once discovery opens, Plaintiff will be given the opportunity to seek information to identify the Doe defendants.

### IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim for excessive force in violation of the Eighth Amendment for the incident on January 20, 2021 against Defendants Sergeant Baraona, Correctional Officer Burneszki, Correctional Officer Leos, Correctional Officer Hernandez, Correctional Officer Diaz and Doe 1 Defendant; a cognizable claim for sexual assault in violation of the Eighth Amendment against Defendant Correctional Officer Leos; and a cognizable claim for failure to protect in violation of the Eighth Amendment against Defendants Correctional Officer A. Ruiz, Dr. Martinez, Correctional Officer E. Ruiz, Correctional Officer Meiers, Correctional Officer Gutierrez, Correctional Officer A. Cruz, Psych. Tech. K. Cronister, and Jane Doe Nurse. However, Plaintiff's complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130

(9th Cir. 2000).

The Court GRANTS the Motion to Supplement the first amended complaint. (ECF No. 11.)

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

For the reasons stated above, IT IS HEREBY FURTHER RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on January 24, 2022 (ECF No. 10), for excessive force in violation of the Eighth Amendment for the incident on January 20, 2021 against Defendants Sergeant Baraona, Correctional Officer Burneszki, Correctional Officer Leos, Correctional Officer Hernandez, Correctional Officer Diaz and Doe 1 Defendant; for sexual assault in violation of the Eighth Amendment against Defendant Correctional Officer Leos; and for failure to protect in violation of the Eighth Amendment against Defendants Correctional Officer A. Ruiz, Dr. Martinez, Correctional Officer E. Ruiz, Correctional Officer Meiers, Correctional Officer Gutierrez, Correctional Officer A. Cruz, Psych. Tech. K. Cronister, and Jane Doe Nurse, and

2. All other claims and defendants be dismissed from this action, with prejudice, based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///
///
///
///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 28, 2022**            /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE