# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARAONA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01448-DAD-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS MARTINEZ, MEIERS, AND A. CRUZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 17)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Baraona, Burneszki, Leos, Hernandez, Diaz, and Doe 1 for excessive force in violation of the Eighth Amendment; (2) Defendant Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, Martinez, E. Ruiz, K. Cronister, and Jane Doe Nurse for failure to protect in violation of the Eighth Amendment.

　　　　On March 17, 2022, the Court issued an order directing service on Defendants Baraona, Burneszki, Leos, Hernandez, Diaz, A. Ruiz, Martinez, E. Ruiz, Meiers, Gutierrez, A. Cruz, and K. Cronister in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  (ECF No. 17.)  The order included the following information

regarding Defendants A. Ruiz, Martinez, and Meiers:

> Correctional Officer A. Ruiz; Corcoran; January 20, 2021
> Dr. Martinez; Corcoran; January 20, 2021
> Correctional Officer Meiers; Corcoran; January 20, 2021

(*Id.* at 2.) On April 21, 2022, the Court received information that Defendants Martinez, Meiers, and A. Ruiz could not be identified.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendants Martinez, Meiers, and A. Ruiz with the information that Plaintiff provided. However, the Marshal was informed by that there was not enough information to identify Defendants Martinez, Meiers, and A. Ruiz for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate these defendants, Defendants Martinez, Meiers, and A. Ruiz shall be

dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Martinez, Meiers, and A. Ruiz should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying Defendants Martinez, Meiers, and A. Ruiz for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Martinez, Meiers, and A. Ruiz should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)**.

IT IS SO ORDERED.

Dated:   **April 22, 2022**          /s/ *Barbara A. McAuliffe*          
                                       UNITED STATES MAGISTRATE JUDGE