# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>       Plaintiff,<br><br>   v.<br><br>BARAONA, *et al.*,<br><br>       Defendants. | Case No.  1:21-cv-01448-ADA-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 60) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants A. Baraona, R. Burnitzki,[1] R. Leos, H. Hernandez, E. Diaz, and Doe 1 for excessive force in violation of the Eighth Amendment; (2) Defendants R. Leos, for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier,[2] R. Gutierrez, J. Cruz, K. Allison (Cronister), and Jane Doe Nurse for failure to protect in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for appointment of voluntary counsel, filed January 9, 2023.  (ECF No. 60.)  Plaintiff requests appointment of counsel and for the Court to order the Office of the Attorney General to send to the Court, under seal, Plaintiff's mental

---

[1] Erroneously sued as "Burneszki."
[2] Erroneously sued as "Meiers."

1

health records dated December 21, 2022 to the present.  Plaintiff states that on December 21, 2022, he tried killing himself with metal.  Plaintiff has been in mental health care since seven years ago, with two NGI commitment cases, six stays in CDCR's version of a mental hospital in the past ten years, and over fifty 5150 stays in the crisis unit.  Plaintiff states he is being sent back to the CDCR hospital this time to do a one-year program of intense treatment for depression, his long fourteen-year stay in lock up with an increased risk of successful suicide, and suicide attempts.  Plaintiff still hears voices and tried to kill himself often throughout the years, and has been given counsel twice by the court.  Plaintiff contends that having counsel would help him prosecute his case and will stop any future possible stays of the proceedings.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners suffering from serious physical and mental health conditions who also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's

complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

      Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 60), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 11, 2023**     /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE