# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARAONA, *et al.*,<br><br>　　　　Defendants. | Case No.  1:21-cv-01448-NODJ-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 75) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants A. Baraona, R. Burnitzki,[1] R. Leos, H. Hernandez, E. Diaz, and Doe 1 for excessive force in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier,[2] R. Gutierrez, J. Cruz, K. Allison (Cronister), and Jane Doe Nurse for failure to protect in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed December 29, 2023.[3]  (ECF No. 75.)  Plaintiff requests appointment of counsel because he is

---

[1] Erroneously sued as "Burneszki."

[2] Erroneously sued as "Meiers."

[3] Plaintiff also filed a request to seal documents and proposed exhibits with the motion for appointment of counsel. As the request to seal was not filed in compliance with Local Rule 141(b), the request was denied, without prejudice, and the proposed exhibits returned to Plaintiff.

1

1  unable to afford counsel, the issues are starting to become complex and may need further
2  investigation, and Plaintiff has limited law library access.  Plaintiff has attached declarations from
3  apparent witnesses to the events at issue in this action in support of the merits.  Plaintiff has been
4  unable to obtain counsel on his own, and is a mental health patient taking forced medications for
5  13 years.  Defendants present many different stories and claims, demand trial, and wrote a false
6  report to cover up prison brutality, but a lawyer will obtain video of injuries and will better
7  explain to the jury how they happened.  (*Id.*)

8  Plaintiff is informed that he does not have a constitutional right to appointed counsel in
9  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
10 *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
11 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
12 *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
13 request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
14 1525.

15 Without a reasonable method of securing and compensating counsel, the Court will seek
16 volunteer counsel only in the most serious and exceptional cases.  In determining whether
17 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
18 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
19 complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

20 The Court has considered Plaintiff's request, but does not find the required exceptional
21 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
22 would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
23 almost daily by prisoners who must obtain discovery and conduct legal research with limited
24 access to a prison law library and limited education in the law.  These plaintiffs also must litigate
25 their cases without the assistance of counsel.

26 Furthermore, at this stage in the proceedings, the Court cannot make a determination that
27 Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint was found to state a
28 cognizable claim, this does not mean there is a likelihood of success on the merits.  Finally, based

on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 75), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**January 9, 2024**__       ____/s/ Barbara A. McAuliffe____ _
                                     UNITED STATES MAGISTRATE JUDGE