# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>BARAONA, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-01448-NODJ-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(ECF No. 68)<br><br>ORDER GRANTING **FINAL** EXTENSION OF DEADLINE FOR PLAINTIFF TO FILE MOTION TO SUBSTITUTE AND PROPOSED SECOND AMENDED COMPLAINT WITH INFORMATION IDENTIFYING DOE DEFENDANTS<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants A. Baraona, R. Burnitzki,[1] R. Leos, H. Hernandez, E. Diaz, and Doe 1 for excessive force in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier,[2] R. Gutierrez, J. Cruz, K. Allison (Cronister), and Jane Doe Nurse for failure to protect in violation of the Eighth Amendment.

///

///

---

[1] Erroneously sued as "Burneszki."
[2] Erroneous sued as "Meiers."

1

## I. Procedural History

Following multiple extensions of time and the apparent resolution of the parties' discovery dispute, on February 10, 2023, the Court issued an order directing Defendants to serve supplemental discovery responses to Plaintiff by March 3, 2023, and for Plaintiff to file a motion to substitute the identities of Defendants Doe 1 and Jane Doe Nurse, together with a proposed second amended complaint substituting the names of the Doe Defendants, by March 31, 2023. (ECF No. 65.)

On March 23, 2023, Plaintiff filed a renewed motion to compel. (ECF No. 68.) Defendants filed an opposition on April 13, 2023, (ECF No. 69), and Plaintiff filed a reply on April 24, 2023, (ECF No. 70). The motion is fully briefed. Local Rule 230(l).

As discussed below, Plaintiff's motion to compel is denied. The Court will grant Plaintiff one final extension of time to file a motion to substitute the identities of the Doe Defendants and a proposed second amended complaint.

## II. Plaintiff's Motion to Compel

### A. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to

1    compel, and, for each disputed response, inform the court why the information sought is relevant
2    and why defendant's objections are not justified.").

3    In responding to requests for production, a party must produce documents or other
4    tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a).
5    Responses must either state that inspection and related activities will be permitted as requested or
6    state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable
7    inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P.
8    26(g)(1), the responding party should so state with sufficient specificity to allow the Court to
9    determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v.*
10   *McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

11   Actual possession, custody or control is not required. "A party may be ordered to produce
12   a document in the possession of a non-party entity if that party has a legal right to obtain the
13   document or has control over the entity [that] is in possession of the document." *Soto v. City of*
14   *Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at
15   *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control
16   if the party has actual possession, custody, or control thereof or the legal right to obtain the
17   property on demand."). The scope of discovery under Rule 26(b)(1) is broad. Discovery may be
18   obtained as to any unprivileged matter "relevant to any party's claim or defense." *Id.* Discovery
19   may be sought of relevant information not admissible at trial if it is "proportional to the needs of
20   the case, considering the importance of the issues at stake in the action the amount in controversy,
21   the parties' relative access to relevant information, the parties' resources, the importance of the
22   discovery in resolving the issues, and whether the burden or expense of the proposed discovery
23   outweighs its likely benefit." *Id.* However, discovery may be limited if it "is unreasonably
24   cumulative or duplicative, or can be obtained from some other source that is more convenient,
25   less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity
26   to obtain the information by discovery in the action;" or if the proposed discovery is irrelevant or
27   overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).
28   ///

**B.     Plaintiff's Request for Production ("RFP") No. 5**

At issue is Plaintiff's request for production of documents related to the identity of Defendant Jane Doe Nurse, or RFP No. 5.[3]  Plaintiff contends that Defendants still refuse to tell him the name of the other nurse who worked with Defendant Cronister (Allison) on the 2nd tier in Plaintiff's building on the date at issue, because they have provided him with multiple possible names.  (ECF No. 68.)

In opposition, Defendants argue that because nurses are assigned to entire buildings, rather than by tier, Defendants were unable to identify one particular person in response to Plaintiff's request.  However, on April 12, 2023, defense counsel received additional documentation identifying a previously unknown psychiatric technician, not a nurse, who appears to be the person Plaintiff is referring to, and served Plaintiff a supplemental response on the same day the documentation was received.  (ECF No. 69.)

Plaintiff replies that Defendants remain evasive because there are only two nurses during medication pass out.  Plaintiff states that if he chooses one from the multiple names provided and he is incorrect, he will lose grounds for relief.  Plaintiff therefore requests thirty days to amend his complaint, and if the person at trial is wrong that he be provided with grounds for relief.  (ECF No. 70.)

RFP No. 5: Please provide the name of other nurse working with Chronister on 3A03 2nd tier nurse on 1-20-22.

Response to RFP No. 5: Defendants identify and produce the nursing sign in sheets for 3A03 on January 20, 2022, attached hereto as Exhibit C.  Confidential personnel and identifying information has been redacted to ensure the privacy, safety, and security of non-party CDCR employees.

Updated Response to RFP No. 5: Based on the January 20, 2021 nursing sign in sheets for 3A03 on, and pursuant to the agreement of the parties, Defendants identify O. Borbolla, M.R. Galmgam, V. Hernandez, and T. Price as working in 3A03 on January 20, 2021.

---

[3] This request for production was also referred to as Request for Production No. 1 and 2 in earlier filings.  (*See* ECF No. 68, p. 4.)  However, the parties' most recent filings indicate that it is No. 5, and has always referred to the identity of Jane Doe Nurse.  (*See* ECF No. 69, pp. 17–18.)

<u>Supplemental Updated Response to RFP No. 5</u>: Based upon newly obtained documents, Defendants identify Psychiatric Technician M. Mills.

<u>Ruling on RFP No. 5</u>: Plaintiff's motion to compel is denied. Although Plaintiff is seeking the identify one individual who was working with Defendant Cronister on the date in question, based on the information and documentation available, Defendants were unable to identify one particular person in response to Plaintiff's request. However, Defendants made a good faith effort to respond to the substance of Plaintiff's request, and provided the sign in sheets for the nursing staff working in Plaintiff's building on the date of the incident. In addition, when additional documentation became available identifying a previously unknown psychiatric technician who appeared to be the individual Plaintiff was seeking, Defendants provided such documentation to Plaintiff, along with the individual's identity (Psychiatric Technician M. Mills) on the same date. Even though Plaintiff was seeking the name of a nurse, not a psychiatric technician, defense counsel made a good faith effort to resolve this discovery issue and provide Plaintiff with the information he needs to proceed.

The Court cannot compel a party to produce documents that do not exist or are not in their possession, custody, or control, and Defendants' counsel has declared under penalty of perjury that they made good faith efforts to provide Plaintiff with documentation that was responsive to his request. While Plaintiff may believe more documentation exists that is more specifically directed to his request, in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that the specific requested documents do not exist or are not in Defendants' possession. *See Mootry v. Flores*, 2014 WL 3587839, \*2 (E.D. Cal. 2014).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement

their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).  Defendants have supplemented their response to RFP No. 5 multiple times, and have made a good faith effort to provide Plaintiff with the documents he needs to identify a single individual as Jane Doe Nurse.

### III.     Identification of Doe Defendants

At this time, it appears Plaintiff has received all available documentation from Defendants regarding the identities of Defendants Doe 1 and Jane Doe Nurse.  Plaintiff's request for 30 days to amend the complaint is granted, and Plaintiff will be provided **one final** opportunity to file a motion to substitute the identities of Defendants Doe 1 and Jane Doe Nurse that provides the Court with enough information to locate them for service of process.  Plaintiff must also file a proposed second amended complaint substituting the names of Defendants Doe 1 and Jane Doe Nurse.  <u>For the proposed second amended complaint, Plaintiff may submit a copy of the first amended complaint and simply cross out any references to Defendants Doe 1 and Jane Doe Nurse, and write in the names of the correct individuals</u>.  As a courtesy, the Court will direct the Clerk of the Court to send Plaintiff a copy of the first amended complaint and the supplement to the first amended complaint.

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Plaintiff's amended complaint must be "**complete in itself without reference to the prior or superseded pleading**."  Local Rule 220 (emphasis added).

To the extent Plaintiff requests relief at trial if he names the wrong individual in his amended complaint, that request is denied.  It is Plaintiff's responsibility to provide the Court with the correct information to identify the Doe Defendants for service of process, and the other named Defendants have made good faith efforts to provide Plaintiff with the documents necessary for him to do so.

///

**IV.   Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 68), is DENIED;
2. The Clerk of the Court is DIRECTED to serve on Plaintiff:
   a. A complaint form; and
   b. Courtesy copies of the January 24, 2022 first amended complaint, (ECF No. 10), and January 24, 2022 supplement to the complaint, (ECF No. 11);
3. The deadline for filing motions to amend, <u>only for the purposes of submitting a proposed second amended complaint identifying the Doe Defendants</u>, is extended to **thirty (30) days** from the date of service of this order;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a motion to substitute the identities of Defendants Doe 1 and Jane Doe Nurse that provides the Court with enough information to locate them for service of process, together with a proposed second amended complaint substituting the names of Defendants Doe 1 and Jane Doe Nurse; and
5. **<u>Plaintiff's failure to comply with this order will result in the dismissal of any unidentified defendant(s) from this action, without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m)</u>.**

IT IS SO ORDERED.

Dated:   **February 15, 2024**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

7