# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BARAONA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01448-NODJ-BAM (PC)<br><br>ORDER DENYING MOTION FOR ADJUDICATION OF MOTION FOR SUMMARY JUDGMENT AND RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 78) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants A. Baraona, R. Burnitzki,[1] R. Leos, H. Hernandez, E. Diaz, and Doe 1 for excessive force in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier,[2] R. Gutierrez, J. Cruz, K. Allison (Cronister), and Jane Doe Nurse for failure to protect in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for adjudication of his motion for summary judgment and/or trial scheduling order and renewed motion for appointment of counsel, filed February 20, 2024. (ECF No. 78.)

///

---

[1] Erroneously sued as "Burneszki."

[2] Erroneously sued as "Meiers."

1

1       Plaintiff first requests that the Court rule on his pending summary judgment motion and set a trial date.  The request is denied, without prejudice.  On February 16, 2024, the Court issued an order granting Plaintiff a final extension of time to file a motion to substitute the identities of the two Doe Defendants and a proposed second amended complaint within thirty days.  (ECF No. 77.)  Until Plaintiff files his response to that order, the operative complaint in this action will not be set.  The Court will address Plaintiff's motion for summary judgment as appropriate once the pleadings in this action are settled.

      With respect to Plaintiff's renewed motion for appointment of counsel, Plaintiff states that he is a mental health care patient at the second highest level of care CDCR has to offer.  (ECF No. 78.)  Plaintiff is on and off unstable, and sometimes hears voices when his meds wear off or he starts to hallucinate.  Plaintiff receives about 4 hours of group therapy a week, with individual counseling once every 4-5 months.  Plaintiff's last panic attack/suicide attempt was 12/17/2023.  Plaintiff overdosed a swallowed a razor from depression and still suffers from severe depression, racing thoughts, voices, auditory hallucinations when not occupied or medication compliant.  A pro bono panel lawyer will enable Plaintiff to pay the expenses of witnesses that are not covered by his *in forma pauperis* status, as well as contact possible witnesses or hire a private investigator.  Plaintiff states he was recently granted counsel in a pending appeal, *Puckett v. Agboli*, Case No. 23-3009.

      Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from severe mental health conditions and possess limited funds. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was found to state a cognizable claim, this does not mean there is a likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for adjudication of his motion for summary judgment and/or trial scheduling order, (ECF No. 78), is DENIED, without prejudice; and
2. Plaintiff's renewed motion to appoint counsel, (ECF No. 78), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 23, 2024**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3