1

2

3

4

5

6

7 # UNITED STATES DISTRICT COURT

8 ### EASTERN DISTRICT OF CALIFORNIA

9

10 DURRELL ANTHONY PUCKETT,      Case No.  1:21-cv-01448-KES-BAM (PC)

11       Plaintiff,      **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND SUBSTITUTE IDENTITY OF DEFENDANT JANE DOE NURSE**

12      v.      **(ECF No. 81)**

13 BARAONA, *et al.*,

14       Defendants.      **ORDER DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT LODGED ON FEBRUARY 26, 2024 AS THE SECOND AMENDED COMPLAINT**

15      **(ECF No. 80)**

16

17      **FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT DOE 1 FROM ACTION WITHOUT PREJUDICE**

18

19      **FOURTEEN (14) DAY DEADLINE**

20      Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

21 *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

22 Plaintiff's first amended complaint against: (1) Defendants A. Baraona, R. Burnitzki,[1] R. Leos, H.

23 Hernandez, E. Diaz, and Doe 1 for excessive force in violation of the Eighth Amendment;

24 (2) Defendant R. Leos for sexual assault in violation of the Eighth Amendment; and

25 (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier,[2] R. Gutierrez, J. Cruz, K. Allison

26 (Cronister), and Jane Doe Nurse for failure to protect in violation of the Eighth Amendment.

27

28 [1] Erroneously sued as "Burneszki."
[2] Erroneously sued as "Meiers."

1

1    **I.    Defendant Jane Doe Nurse**

2           Following multiple extensions of time and resolution of the parties' discovery dispute, on

3    February 16, 2024, the Court granted Plaintiff a final opportunity to file a motion to substitute the

4    identities of Defendants Doe 1 and Jane Doe Nurse.  (ECF No. 77.)

5           On February 26, 2024, Plaintiff filed a motion to substitute the identity of Defendant Jane

6    Doe, together with a lodged amended complaint.  (ECF Nos. 80, 81.)  Plaintiff states that

7    Defendant Jane Doe should be removed and replaced with Defendant T. Price.  (ECF No. 81.)

8    Plaintiff has not provided any information regarding Defendant Doe 1.

9           Defendants did not file an opposition or other response to Plaintiff's motion to amend and

10   substitute the identify of Defendant Jane Doe Nurse, and the deadline to do so has expired.  The

11   motion is deemed submitted.  Local Rule 230(l).

12          In the lodged amended complaint, Plaintiff has substituted the name of T. Price for any

13   references to Defendant Jane Doe Nurse, and the allegations therein are otherwise identical to

14   those raised in the first amended complaint and supplement.  (*Compare* ECF Nos. 10 and 11 *with*

15   ECF No. 80.)  As such, and in light of Defendants' apparent non-opposition, the Court finds that

16   screening of the lodged amended complaint is unnecessary.  The motion to amend and substitute

17   the identity of Defendant Jane Doe is therefore granted.

18          By instant order, the Court confirms that the amended complaint lodged on February 26,

19   2024 is now the operative second amended complaint in this action.  To the extent the second

20   amended complaint includes claims or defendants that were previously dismissed, the Court

21   clarifies that this action proceeds only on those claims found cognizable in the first amended

22   complaint, (ECF Nos. 13, 16), and as limited by the findings and recommendations regarding

23   Defendant Doe 1 below.

24          The Court will direct service of the second amended complaint on Defendant T. Price by

25   separate order.

26   ///

27   ///

28   ///

2

## II.       Defendant Doe 1

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84. However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421–22.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify Defendant Doe 1 so the United States Marshal may serve the summons and complaint. Despite a warning that failure to do so would result in dismissal of Defendant Doe 1 from this action, Plaintiff has not complied with the Court's order.

## III.      Order and Recommendations

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend and substitute the identity of Defendant Jane Doe Nurse, (ECF No. 81), is GRANTED; and

2. The Clerk of the Court is directed to:

   a. File the February 26, 2024 lodged amended complaint, (ECF No. 80), as the

second amended complaint; and

    b.  Substitute Defendant T. Price for Defendant Jane Doe Nurse.

* * *

Furthermore, the Court HEREBY RECOMMENDS as follows:

1. Defendant Doe 1 be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and

2. This action proceed on Plaintiff's second amended complaint only against: (1) Defendants A. Baraona, R. Burnitzki, R. Leos, H. Hernandez, and E. Diaz for excessive force in violation of the Eighth Amendment; (2) Defendant R. Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier, R. Gutierrez, J. Cruz, K. Allison (Cronister), and T. Price for failure to protect in violation of the Eighth Amendment.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 20, 2024**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

4