**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>                    Plaintiff,<br><br>        v.<br><br>BARAONA, *et al.*,<br><br>                    Defendants. | Case No.  1:21-cv-01448-KES-BAM (PC)<br><br>ORDER DENYING MOTION TO REMOVE TRIAL WITNESSES AS PREMATURE (ECF No. 95)<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 96) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants A. Baraona, R. Burnitzki,[1] R. Leos, H. Hernandez, and E. Diaz for excessive force in violation of the Eighth Amendment; (2) Defendants R. Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, R. Martinez, E. Ruiz, G. Meier,[2] R. Gutierrez, J. Cruz, K. Allison (Cronister), and T. Price for failure to protect in violation of the Eighth Amendment.  Plaintiff's motion for summary judgment is briefed and pending before the Court.  (ECF Nos. 71–73.)

Currently before the Court are Plaintiff's pretrial statement, motion regarding trial witnesses, and motion to appoint counsel.  (ECF Nos. 94–96.)

---

[1] Erroneously sued as "Burneszki."

[2] Erroneously sued as "Meiers."

**I.      Pretrial Statement and Motion Regarding Trial Witnesses**

On September 18, 2024, Plaintiff filed a pretrial statement. (ECF No. 94.) Plaintiff then filed a motion that certain inmate witnesses identified in his pretrial statement be removed as witnesses for the speediness of trial. (ECF No. 95.)

As noted above, Plaintiff's motion for summary judgment is pending before the Court. Until the motion for summary judgment is resolved, any filings related to trial are premature. As such, Plaintiff's pretrial statement is disregarded and his motion to remove the attendance of witnesses is denied as premature.

**II.     Renewed Motion to Appoint Counsel**

With respect to Plaintiff's renewed motion for appointment of counsel, Plaintiff states that he has merits to his case, and defense counsel stated that some defendants admitted to wrongdoing already. (ECF No. 96.) Plaintiff has two other civil cases in other federal districts in California where he has been appointed counsel, and all three cases have merits. His request is written in good faith and should be granted in the interest of justice. Plaintiff requests an attorney from UC Berkeley School of Law, the pro bono panel, or UC Davis School of Law. (*Id.*)

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

1  The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners suffering from severe mental health conditions and possess limited funds. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was found to state a cognizable claim, this does not mean there is a likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**III.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to remove trial witnesses, (ECF No. 95), is DENIED, as premature; and
2. Plaintiff's renewed motion to appoint counsel, (ECF No. 96), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 15, 2024**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE