# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BARAONA, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01448-KES-BAM (PC)<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 105) |

　　　　Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Baraona, Burnitzki,[1] Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendants Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E. Ruiz, Meier,[2] Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the Eighth Amendment.  Plaintiff's motion for summary judgment is briefed and pending before the Court.  (ECF Nos. 71–73.)

　　　　Currently before the Court is Plaintiff's renewed motion for appointment of counsel.  (ECF No. 105.)  Defendants have not yet had the opportunity to file a response, but the Court

---

[1] Erroneously sued as "Burneszki."

[2] Erroneously sued as "Meiers."

1

finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

In his motion, Plaintiff again requests that the Court review his mental health records under seal, to support his request for pro bono counsel.  (ECF No. 105.)  Plaintiff requests that the Attorney General's Office provide such records to the Court under seal, as Plaintiff cannot provide such documents in a timely manner.  Plaintiff states that his illness affects him at times and requests that the Court refer back to his two previous requests for counsel.  (*Id.*)

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners suffering from severe mental health conditions.  These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint was found to state a cognizable claim, this does not mean there is a likelihood of success on the merits.  Plaintiff has filed a motion for summary judgment, but that motion remains pending.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate

his claims.

To the extent Plaintiff requests that the Court obtain and review his medical and mental health files, or that the Court order the Attorney General's Office to provide such records to the Court, this request is denied. The Court does not find it appropriate or necessary to review Plaintiff's medical records for the purposes of deciding the instant motion.

Based on the foregoing, Plaintiff's renewed motion to appoint counsel, (ECF No. 105), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **November 1, 2024**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3