# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>          Plaintiff,<br><br>   v.<br><br>BARAONA, *et al.*,<br><br>          Defendants. | Case No. 1:21-cv-01448-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT<br><br>(ECF No. 110) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Baraona, Burnitzki,[1] Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendants Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E. Ruiz, Meier,[2] Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the Eighth Amendment. Plaintiff's motion for summary judgment is briefed and pending before the Court. (ECF Nos. 71–73.)

Currently before the Court is Plaintiff's motion requesting that the Court enter default judgment, filed December 6, 2024. (ECF No. 110.) Plaintiff states that he proved the merits of

---

[1] Erroneously sued as "Burneszki."

[2] Erroneously sued as "Meiers."

his case through declarations made under oath, and therefore default is due and there is no other remedy per Federal rules. Plaintiff argues that if he is not granted default judgment immediately, he will be denied due process. Plaintiff states that he satisfied the requirements and demands full damages. (*Id.*)

Defendants have not yet had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (internal punctuation and citations omitted).

Plaintiff is not entitled to a default judgment in this matter. Defendants have defended this action by responding to Plaintiff's pending motion for summary judgment, which remains pending before the Court. Because Defendants have not failed to defend this action or otherwise defaulted here, entry of default against them is not appropriate.

Based on the foregoing, Plaintiff's motion to enter default judgment, (ECF No. 110), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **December 11, 2024**         /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

2