**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARAONA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:21-cv-01448-KES-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RULING ON SUMMARY JUDGMENT<br>(ECF No. 103)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT<br>(ECF Nos. 98, 115)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 71)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Introduction**

　　Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Baraona, Burnitzki, Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendant Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the Eighth Amendment.  (ECF No. 104.)

1    Currently before the Court is Plaintiff's motion for summary judgment. (ECF No. 71.)
2 Defendants, with the exception of Defendant Price, filed an opposition to the motion for summary
3 judgment on June 20, 2023. (ECF No. 72.) Plaintiff filed a reply on June 29, 2023. (ECF No.
4 73.) Defendant Price, who did not appear in this action until May 23, 2024, was granted an
5 opportunity to file an opposition or join in the opposition filed by remaining Defendants. (ECF
6 No. 91.) Defendant Price did not file a response to Plaintiff's motion for summary judgment, and
7 the deadline to do so had expired. Plaintiff's motion for summary judgment is fully briefed.
8 Local Rule 230(l). For the reasons set forth below, the Court recommends that Plaintiff's motion
9 for summary judgment be denied.[1]

10   Plaintiff also submitted several subsequent motions and filings seeking permission to
11 supplement his motion for summary judgment and proposed supplements. (ECF Nos. 98, 107,
12 109, 115.) Defendants filed an opposition to Plaintiff's initial request to supplement his motion
13 for summary judgment. (ECF No. 108.) Plaintiff also filed a motion seeking a ruling on the
14 pending motion for summary judgment, (ECF No. 103), which is granted by the instant findings
15 and recommendations. The remaining miscellaneous motions are also addressed herein.

16 **II.     Plaintiff's Motions to Supplement Motion for Summary Judgment**

17   The Court has reviewed Plaintiff's various motions and proposed supplements to his
18 motion for summary judgment, and determined that they constitute sur-replies. Generally, parties
19 do not have the right to file sur-replies, and motions are deemed submitted when the time to reply
20 has expired. Local Rule 230(l). The Court generally views motions for leave to file sur-replies
21 with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal.
22 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga.
23 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. *See*
24 *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court
25 did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas Cnty. Sch.*
26 *Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying

---

[1] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

1 leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102
2 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the
3 non-movant an opportunity to respond). In this Circuit, courts are required to afford pro se
4 litigants additional leniency. *E.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012);
5 *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101
6 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

7 Here, Plaintiff did not seek leave of Court before filing his sur-replies, nor did the Court
8 request that one be filed. A review of the filings reveals that Plaintiff is attempting to introduce
9 "new" evidence related to events that allegedly occurred after the filing of this lawsuit, including
10 statements allegedly made by defense counsel during settlement negotiations, subsequent
11 behavior by certain defendants, and requests for the Court to review additional discovery and
12 award damages related to these subsequent events. (ECF Nos. 98, 107, 109, 115.) Although
13 these allegations are all included in filings signed under penalty of perjury, the Court does not
14 find that they relate to the merits of this action, and defense counsel has also submitted a
15 declaration signed under penalty of perjury stating that he did not make the statements Plaintiff
16 alleges were made during their calls, (ECF No. 108). To the extent Plaintiff is attempting to add
17 new claims for violations of his constitutional rights against any defendant in this suit, the Court
18 finds that a sur-reply to a motion for summary judgment is not the proper mechanism for raising
19 new claims in this action.

20 As such, the Court will exercise its discretion to deny Plaintiff's motions to supplement
21 the motion for summary judgment as improper sur-replies, and will not consider the allegations
22 presented therein. Furthermore, the Court finds that, even if considered, the evidence itself does
23 not materially alter the findings and recommendations that the Court will make regarding the
24 motion for summary judgment, as detailed below.

25 **III.    Legal Standard**

26 Summary judgment is appropriate when the pleadings, disclosure materials, discovery,
27 and any affidavits provided establish that "there is no genuine dispute as to any material fact and
28 the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is

1 one that may affect the outcome of the case under the applicable law.  *See Anderson v. Liberty*
2 *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a
3 reasonable [trier of fact] could return a verdict for the nonmoving party."  *Id.*

4       The party seeking summary judgment "always bears the initial responsibility of informing
5 the district court of the basis for its motion, and identifying those portions of the pleadings,
6 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
7 which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v.*
8 *Catrett*, 477 U.S. 317, 323 (1986).  The exact nature of this responsibility, however, varies
9 depending on whether the issue on which summary judgment is sought is one in which the
10 movant or the nonmoving party carries the ultimate burden of proof.  *See Soremekun v. Thrifty*
11 *Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  If the movant will have the burden of proof at
12 trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for
13 the moving party."  *Id.* (citing *Celotex*, 477 U.S. at 323).  In contrast, if the nonmoving party will
14 have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an
15 absence of evidence to support the nonmoving party's case."  *Id.*

16       If the movant satisfies its initial burden, the nonmoving party must go beyond the
17 allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative
18 evidence from which a jury could find in [its] favor."  *F.T.C. v. Stefanchik*, 559 F.3d 924, 929
19 (9th Cir. 2009) (emphasis omitted).  "[B]ald assertions or a mere scintilla of evidence" will not
20 suffice in this regard.  *Id.* at 929; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
21 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its
22 opponent must do more than simply show that there is some metaphysical doubt as to the material
23 facts.") (citation omitted).  "Where the record taken as a whole could not lead a rational trier of
24 fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S.
25 at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

26       In resolving a summary judgment motion, "the court does not make credibility
27 determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he
28 evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn

in [its] favor." *Anderson*, 477 U.S. at 255.  Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**IV.  Discussion**

Plaintiff provides his statement of uncontroverted facts in his Statement of Facts, Separate Statement of Facts, and Statement of Uncontroverted Facts.  (ECF No. 71, pp. 3–5.)  Plaintiff did not comply with the rules in preparing his motion, including by failing to "cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish [each] fact."  Local Rule 260(a).  In addition, as Defendants dispute nearly all of Plaintiff's enumerated facts, (ECF No. 72-1), the Court finds it appropriate to set forth each party's position separately rather than attempting to provide a list of undisputed facts.

    **A.  Plaintiff's Allegations**

Plaintiff states that on January 20, 2021, he was secured in handcuffs and leg irons and posing no threat or resistance.  Defendant Baraona said "Now" as they entered a partially secluded area.  Defendant Leos said "Whose the wetback now."  Without warning or provocation, started punching Plaintiff with Defendant Burnitzki, until Baraona stepped on Plaintiff's leg irons, slowly tripping him.  Plaintiff was being hit while falling.  Once on the ground, Burnitzki started kicking Plaintiff as Leos was on top of Plaintiff's body, grinding Plaintiff in a sexual manner saying "Your ass is soft."  Baraona admitted to planning the attack by taking Plaintiff last.  As the alarm sounded back up, Baraona told all non-3A03 unit officers to leave, so

1  Defendant Roberts says "You heard em it's staff stabber Puckett."  Once they left, Roberts locked
2  both doors and they put Plaintiff in the cage in front of Defendants A. Ruiz, G. Meier, R.
3  Gutierrez, E. Ruiz, J. Cruz, R. Martinez, and Cronister.  All of a sudden Defendant Hernandez
4  smashed Plaintiff's face/forehead on the cage.  As Plaintiff cried out "Why," he punched Plaintiff
5  viciously and deliberately, causing confusion, intense pain, dizziness, and a black eye.  All non-
6  use-of-force defendants are now lying about not seeing Hernandez hit Plaintiff as Diaz started
7  hitting Plaintiff once Plaintiff got pulled back out of the cage to be re-slammed.  Defendants are
8  claiming Plaintiff tried to headbutt, but then slipped and fell.  Plaintiff had a black eye and bruises
9  on both sides of his face, knots on his head.  Plaintiff was already in full restraints in the cage and
10 there was no need to re-slam him or hit him.  (ECF No. 71, pp. 3–5.)

### B.     Defendants' Allegations

On January 20, 2021, Defendants Baraona, Leos, and Burnitzki were escorting Plaintiff back to his assigned cell from group therapy when Plaintiff started yelling at Defendant Leos and tried to headbutt Leos in the face.  (ECF No. 72-2, "Baraona Decl." ¶¶ 2–4.)  Leos and Burnitzki took Plaintiff to the ground, the control booth officer activated an alarm, and Baraona announced over his radio that Plaintiff was resisting.  (*Id.* ¶ 4.)  While on the ground, Plaintiff continued to shout obscenities at Leos and thrashed his body from side to side aggressively.  (*Id.* ¶ 5.)  Defendants Hernandez and Diaz arrived on scene and secured Plaintiff's legs, at which point Plaintiff stopped resisting.  (*Id.* ¶ 6.)  Baraona instructed Hernandez and Diaz to relieve Leos and Burnitzki and escort Plaintiff to a holding cell for a medical evaluation.  (*Id.*)

Once Hernandez and Diaz had Plaintiff in the holding cell, Hernandez ordered Plaintiff not to make any sudden movements while he took off Plaintiff's spit mask so a proper evaluation could be done.  (*Id.* ¶ 7.)  When Hernandez pulled up Plaintiff's spit mask, Plaintiff immediately spit in Hernandez's direction.  (*Id.*)  Hernandez and Diaz immediately pushed Plaintiff downward into the holding cell to stop the threat and gain compliance.  (*Id.*)  Plaintiff again began shouting obscenities at Leos and aggressively thrashed his body.  (*Id.*)  Baraona then yelled at Plaintiff to stop resisting, and Plaintiff complied.  (*Id.*)  Hernandez and Diaz lifted Plaintiff to his feet and secured him in the holding cell without further incident.  (*Id.* ¶ 8.)  Defendant Cronister

1  conducted a medical evaluation of Plaintiff, Plaintiff was searched with negative results, and a
2  videotaped interview of Plaintiff was conducted.  (*Id.*)  At no point did any Defendant or staff
3  member punch, kick, trip, or make sexual comments to Plaintiff, or touch Plaintiff in a sexual
4  manner.  (*Id.* ¶ 2.)

### C. Parties' Positions

Plaintiff argues that Defendants are playing innocent with a blanket of denial and expect the Court to believe their version of events as true.  Plaintiff states that he received injuries from an assault, not a slip and fall.  A slip and fall would consist of a single bruise or redness or mark, not a swelling to the eye, redness to different facial areas, and lumps or knots on Plaintiff's head.  Plaintiff further argues that Defendants planned to beat him in retaliation for events the day before, and he posed no immediate threat because he was shackled in handcuffs and leg irons.

In opposition, Defendants contend that rather than demonstrating that there is no genuine dispute of fact in this case, Plaintiff's motion for summary judgment concedes there is a dispute of fact and asks the Court not to believe Defendants.  Plaintiff is asking the Court to weigh evidence and make credibility determinations that the Court is precluded from making at summary judgment.  Plaintiff's version of events is directly contradicted by Defendants' evidence.  Plaintiff has failed to sustain his burden of demonstrating that there is no genuine dispute of material fact in this case, and the Court should deny Plaintiff's motion for summary judgment with prejudice.

In reply, Plaintiff argues that Defendants are so caught up in lying that they have incorrectly stated policy regarding medical assessments and placement and removal of bite masks.  In addition, Defendants have not explained Plaintiff's injuries.  Plaintiff states that judgment should be granted in his favor due to Defendant Baraona lying under oath and trying to manipulate the Court.

### C. Analysis

Ultimately, the parties offer contradictory versions of events, and each party has supported his version with factual statements made under penalty of perjury.  Although Plaintiff requests that the Court accept his version of events and find that Defendants are lying to the Court, it is

impermissible for the Court to assess the credibility of the witnesses or weigh the evidence on summary judgment. *Soremekun*, 509 F.3d at 984; *T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, in a battle of dueling declarations, the winner may not be declared based upon the number of declarations submitted or the contents therein, so long as the declarations in question are based on personal knowledge of facts admissible in evidence.

As Defendants argue, Plaintiff has failed to sustain his burden of demonstrating that there is no genuine dispute of material fact in this case. Rather, Plaintiff specifically asks the Court to believe Plaintiff's version of events over Defendants' version of events. The Court may not do so. *Soremekun*, 509 F.3d at 984. Both Plaintiff and Defendants have offered declarations, signed under penalty of perjury, based on personal knowledge of the events in question. Contrary to Plaintiff's argument, this does not demonstrate that one version of events is the truth, but rather demonstrates that there exist factual disputes between the parties regarding what occurred on January 20, 2021, and those disputes are material. As a result, the trier of fact must determine what did or did not happen between the parties on the date in question. Plaintiff is not entitled to judgment as a matter of law.

## V. Order and Recommendation

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for ruling on summary judgment, (ECF No. 103), is GRANTED by the instant findings and recommendations; and
2. Plaintiff's motions to supplement the motion for summary judgment, (ECF Nos. 98, 115), are DENIED.

\* \* \*

Furthermore, IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, (ECF No. 71), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 21, 2025**              /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE

9