UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>BARAONA, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-01448-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE FOR TRIAL AND APPOINTMENT OF COUNSEL<br>(ECF No. 126)<br><br>ORDER CONSTRUING PLAINTIFF'S NOTICE AS A MOTION TO COMPEL AND DENYING THE MOTION TO COMPEL, WITHOUT PREJUDICE, AS UNTIMELY<br>(ECF No. 124)<br><br>ORDER STRIKING PLAINTIFF'S PRETRIAL STATEMENT AND DENYING PLAINTIFF'S PRETRIAL MOTIONS, WITHOUT PREJUDICE, AS PREMATURE<br>(ECF Nos. 125, 128, 129, 131)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE<br>(ECF No. 132) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Baraona, Burnitzki, Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendant Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E.

1

1  Ruiz, Meier, Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the
2  Eighth Amendment.
3       This case is set for a telephonic status conference on May 15, 2025, at 9:30 a.m. before the
4  undersigned to discuss setting the relevant deadlines and trial date before District Judge Kirk E.
5  Sherriff.
6       Currently before the Court are Plaintiff's notice to the Court, pretrial statement, and
7  motion to consolidate for trial and for appointment of counsel, all filed April 14, 2025.  (ECF
8  Nos. 124–126.)  Plaintiff has also filed various pretrial motions, including motions to exclude
9  evidence, for attendance of incarcerated witnesses, for special handling of witnesses and a
10 protective order, and for a temporary restraining order.  (ECF Nos. 128, 129, 131, 132.)
11      Defendants have not yet had the opportunity to respond to Plaintiff's filings, but the Court
12 finds that responses are unnecessary.  The motions and other filings are deemed submitted.  Local
13 Rule 230(l).

14 **I.  Motion to Consolidate for Trial**

15      Plaintiff first requests that this action be consolidated with *Puckett v. Kelso* ("*Puckett II*"),
16 Case No. 1:23-cv-00054-HBK (PC).[1]  (ECF No. 126.)  Plaintiff argues that the cases have some
17 of the same defendants in the same prison from the same few weeks.  (*Id.*)  While Plaintiff refers
18 to Defendants Hernandez and Leos in the following portion of his motion, it appears Defendants
19 Hernandez and Baraona are the only defendants common to the two cases.
20      Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions involving a
21 common question of law or fact, and consolidation is proper when it serves the purposes of
22 judicial economy and convenience.  Rule 42(a) provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
> (1)    join for hearing or trial any or all matters at issue in the actions;
> (2)    consolidate the actions; or
> (3)    issue any other orders to avoid unnecessary cost or delay.

26 Fed. R. Civ. P. 42(a).

---

[1] Plaintiff refers to this action as *Puckett v. Barrios*, Case No. 2:23-cv-00054-HBK, but the correct case number is 1:23-cv-00054-HBK.

"The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006 (5th Cir. 1977). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Sw. Marine, Inc. v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, the two actions pending before the Court, while they involve two common defendants who both worked at California State Prison – Corcoran ("CSP – Corcoran"), do not otherwise appear to share any common questions of law or fact. The instant action proceeds on Plaintiff's claims arising from a January 20, 2021 incident when Plaintiff alleges that Defendant Baraona directed an attack on Plaintiff, Defendants Burnitzki and Leos punched Plaintiff while Plaintiff was in cuffs and irons and not a threat or resisting, Defendants Hernandez and Diaz administered force while Plaintiff was being placed in the cage, Defendant Leos made sexual comments while grinding against Plaintiff's ass, and Defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price were all in a location and position where they could see Plaintiff being beaten and could have stopped the beating but took no action. (*See* ECF Nos. 13, 16, 84.) In contrast, *Puckett II* proceeds on Plaintiff's claims that in January or February 2021, the defendants exhibited deliberate indifference to a substantial risk of harm to Plaintiff when they allowed an inmate with COVID symptoms to remain on Plaintiff's cell block, and Plaintiff ultimately tested positive for COVID-19. *Puckett II*, Case No. 1:23-cv-00054-HBK (PC), Doc. 17.

In addition, consolidation of these actions would not aid in the efficient and economic disposition of either case. As noted above, the instant case is ready to be scheduled for a trial date. In *Puckett II*, there are pending motions for summary judgment filed by both Plaintiff and the defendants. *Puckett II*, Docs. 82, 125. As *Puckett II* may be resolved by either of the pending

3

motions for summary judgment, which do not appear to be fully briefed, it is not ready to be set for a trial. Consolidation of these actions would therefore likely lead to a substantial delay of trial in the instant action.

Therefore, to aid in the efficient and economic disposition of these cases, the Court in its discretion denies Plaintiff's motion to consolidate.

## II.     Motion for Appointment of Counsel

Plaintiff also filed a renewed motion for appointment of counsel. (ECF No. 126.) Plaintiff argues that he may not be able to confront Defendant Hernandez, alleging that he has been in two sexual assaults, with one causing Plaintiff to get an emergency transfer. Plaintiff fears speaking to them and went to DSH hospitals after several PREA assaults and deteriorating. Plaintiff is in a crisis bed now, awaiting available bed space in a DSH facility. Plaintiff states that a trial by a judge should be considered, with pro bono counsel or 3 or more lawyers appointed from the panel so there will be no appealable issues. Plaintiff is scared to confront Defendants Hernandez and Leos and would like to not speak to them for fear of flashbacks, retaliations, and other forms of mental collapse while at trial. Plaintiff appears to state that following trial in a prior action, he was appointed counsel for appeal and possibly given counsel for evidentiary hearings in a separate action. (*Id.*)

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

4

1  complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

2        The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners alleging that they have suffered serious constitutional violations at the hands of defendant correctional officers. These plaintiffs also must litigate their cases without the assistance of counsel.

      Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was found to state a cognizable claim, this does not mean there is a likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims or that he has previously expressed any reservations about confronting Defendants at any proceedings in this action.

### III.   Motion to Compel

      Plaintiff's April 14, 2025 notice is titled "Notice to the Court and Request for Courtesy Copy, Further Assistance as Well. Late Motion to Compel." (ECF No. 124.) In the filing, Plaintiff states that he cannot afford copy fees and has had no property for up to 35 days due to his admission to a crisis bed pending his transfer to Salinas Valley State Prison. Although difficult to understand, Plaintiff appears to be requesting copies of documents submitted in support of his motion for summary judgment, as well as additional audio and video surveillance footage that he wishes to utilize at trial. (*Id.*)

      As noted in the title of Plaintiff's filing, the notice appears to be an untimely motion to compel discovery. So construed, it is not clear whether Plaintiff is seeking new discovery or if he is attempting to file a motion to compel responses to discovery requests previously served on Defendants. As discovery in this action closed as to all defendants on August 22, 2024, (ECF No. 91), and Plaintiff has not explained his failure to file a motion to compel regarding the unspecified documents, audio, and video surveillance before the close of discovery nearly a year ago, the motion is denied, without prejudice, as untimely.

5

### IV. Pretrial Statement and Pretrial Motions

As noted above, since this action was set for the telephonic status conference to discuss setting pretrial deadlines and a trial date in this action, Plaintiff has filed many separate motions regarding evidence and witnesses for trial. (ECF Nos. 125, 126, 128, 129, 131.) As the Court has not yet scheduled trial in this action, set any deadlines for the filing of pretrial motions, or provided any guidance to Plaintiff regarding the contents or requirements for filing such pretrial motions, the Court finds that these filings are premature. Accordingly, Plaintiff's pretrial statement, (ECF No. 125), shall be stricken as premature, and Plaintiff's pretrial motions are also denied, without prejudice, as premature, (ECF Nos. 126, 128, 129, 131). Plaintiff may resubmit his pretrial statement and any pretrial motions at the appropriate time(s) following the Court's issuance of further filing deadlines in this action.

### V. Motion for Temporary Restraining Order

On April 29, 2025, Plaintiff filed a "Permanent Restraining Order," which was docketed as a motion for temporary restraining order. (ECF No. 132.) In this filing, Plaintiff alleges that since November 9, 2024, he has suffered from a multitude of abuses, including assault, sexual assault, beatings, institutional transfers, improper withdrawals from his trust account, advertisement as a sex offender, accusations of sexual misconduct, encouraging other inmates to look up Plaintiff's charges on Google, property confiscation, and interference with regular and legal mail. Although Plaintiff states that he fears for his safety due to the actions of staff and other inmates and that an "outside agency need[s] to investigate," the motion does not request any particular relief. (*Id.*)

As Plaintiff's motion does not request any form of injunctive or other relief, the motion is denied, without prejudice.

### VI. Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to consolidate for trial and appointment of counsel, (ECF No. 126), is DENIED;

2. Plaintiff's notice to the Court, (ECF No. 124), is CONSTRUED as a motion to compel;

3. Plaintiff's motion to compel, (ECF No. 124), is DENIED, without prejudice, as untimely;

4. Plaintiff's pretrial statement, (ECF No. 125), is STRICKEN, as premature;

5. Plaintiff's pretrial motions, (ECF Nos. 128, 129, 131), are DENIED, without prejudice, as premature; and

6. Plaintiff's motion for temporary restraining order, (ECF No. 132), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **May 8, 2025**                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE