1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>BARAONA, *et al.*,<br><br>Defendants. | Case No.  1:21-cv-01448-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 144) |

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against: (1) Defendants Baraona, Burnitzki, Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendant Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the Eighth Amendment.

This case is set for a pretrial conference on January 26, 2026, and for trial on March 10, 2026, before District Judge Kirk E. Sherriff.

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed October 9, 2025.  (ECF No. 144.)  Plaintiff argues that due to his mental health treatment and health at this time, his doctors are suspending all appointments, including some legal.  Plaintiff

therefore requests voluntary counsel in this action.  (*Id.*)  Attached to his motion is a California

Health Care Facility memorandum dated 9/15/2025, with a subject line stating, "EXCEPTIONAL

CIRCUMSTANCE-SUSPENSION OF TIME CONSTRAINTS: RVRS # 7643582, 7654164,

INCARCERATED PERSON PUCKETT, G05549."  (*Id.*, Ex. A.)  The memorandum indicates

that Plaintiff has been reviewed for Serious Rules Violation Repots received from California

Health Care Facility (CHCF), Facility E.   He was assessed as a Mental Health Crisis Bed inmate

on September 14, 2025.  His placement is "a significant Higher Level of Care for his mental

health concerns."  (*Id.*)  Due to his placement "in a Higher Level of Care and Treatment above

his Level of Care in which was designated when he committed the offenses documented in the

RVRs, his Time Constraints are suspended." (*Id.*)  The memorandum further indicates that

"[u]pon his return to a Lower Level of Care . . . the Suspension of the Time Constraints in these

RVRs will be automatically reinstated." (*Id.*)  The memorandum further explains that exceptional

circumstances "means circumstances beyond the control of the department of the inmate that

prevent the inmate . . . from participating in the disciplinary hearing within established time

limitations.  Examples of this as applied to an inmate would include a serious temporary mental

or physical impairment verified in writing by a licensed clinical social work, licensed

psychologist, psychiatrist, or physician." (*Id.*)  The memorandum is signed by J. Acolatse, Ph.D.,

Sr. Psychologist, Supervisor, California Health Care Facility.  (*Id.*)

     As with his prior request for appointment of counsel, Plaintiff is reminded that he does not

have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520,

1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and

the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

*Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in

certain exceptional circumstances the court may request the voluntary assistance of counsel

pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

     Without a reasonable method of securing and compensating counsel, the Court will seek

volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners alleging that they have suffered serious constitutional violations at the hands of defendant correctional officers. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff's complaint was found to state a cognizable claim, this does not mean there is a likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. The Court notes that Plaintiff previously reported placement in a crisis bed (*see* ECF No. 126), but that has not prevented him from continuing to litigate this action or from adequately articulating his claims. Additionally, there are no hearings or other court appearances scheduled until January 2026.

Based on the foregoing, Plaintiff's motion for the appointment of counsel, (ECF No. 144), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 10, 2025**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE