1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | Case No.  1:21-cv-01448-KES-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESSES |
| v. | |
| BARAONA, *et al.*, | (ECF Nos. 142, 145, 147) |
| Defendants. | |

## I.    Introduction

Plaintiff Durrell Anthony Puckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is set for a jury trial before District Judge Kirk E. Sherriff on March 10, 2026, on Plaintiff's claims against: (1) Defendants Baraona, Burnitzki, Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendant Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the Eighth Amendment.

Pursuant to the Court's May 16, 2025 Second Scheduling Order, (ECF No. 135), and as discussed in the Court's November 21, 2025 order, (ECF No. 148), Plaintiff's motions for attendance of incarcerated witnesses are currently before the Court.  (ECF Nos. 142, 145, 147.) Defendants did not file a motion for attendance of any incarcerated witnesses.  No opposition has

1

1    been filed, and the deadline to do so has expired.  (ECF Nos. 135, 148.)  Plaintiff's motions for

2    attendance of incarcerated witnesses are therefore deemed submitted.  Local Rule 230(l).

3    **II.    Incarcerated Witnesses**

4         In determining whether to grant the motions for the attendance of incarcerated witnesses,

5    the Court considers the following factors: (1) whether the inmate's presence will substantially

6    further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the

7    expense of transportation and security, and (4) whether the suit can be stayed until the inmate is

8    released without prejudice to the cause asserted.  *Wiggins v. County of Alameda*, 717 F.2d 466,

9    468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district

10   court did not abuse its discretion when it concluded the inconvenience and expense of

11   transporting inmate witness outweighed any benefit he could provide where the importance of the

12   witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*,

13   515 U.S. 472 (1995).

14        **A.    Inmate Arlington Heyligar**

15        Plaintiff requests the attendance of Inmate Arlington Heyligar (CDCR #G-41610) at trial.

16   (ECF No. 142.)  Plaintiff states that Inmate Heyligar saw the majority of the incident in detail, has

17   firsthand knowledge, knows what happened based on eye witness observation, and when she[1] last

18   encountered Plaintiff she said she would testify willingly.  (*Id.* at 2.)  Plaintiff also attaches a

19   declaration, signed by Inmate Heyligar under penalty of perjury, setting forth her observations of

20   events that occurred on January 19 and January 20, 2021.  (*Id.* at 4.)

21        In light of Defendants' lack of opposition to Plaintiff's motion, and upon review of Inmate

22   Heyligar's declaration, it appears that Inmate Heyligar was a percipient witness to events leading

23   up to and following the January 20, 2021 events at issue in this action.  Plaintiff's request for

24   attendance of Inmate Heyligar at trial is therefore granted.

25   ///

26        **B.    Inmate Nirran Wells**

27   _____

[1] Plaintiff refers to Inmate Heyligar as both "he" and "she" throughout his motion.  (*See* ECF No. 142, p. 2.)  The
Court here will refer to Inmate Heyligar using feminine pronouns, but Plaintiff is encouraged to correct the Court if
28   Plaintiff is aware that Inmate Heyligar uses masculine pronouns.

Plaintiff requests the attendance of Inmate Nirran Wells (CDCR #AS-7049) at trial.  (ECF No. 142.)  Plaintiff states that Inmate Wells heard what transpired, why, their motives, and that it was retaliation and pre-meditated as Plaintiff has stated.  (*Id.* at 3.)  Plaintiff also attaches a declaration, signed by Inmate Wells under penalty of perjury, setting forth her observations of events that occurred on January 20, 2021.  (*Id.* at 6.)

In light of Defendants' lack of opposition to Plaintiff's motion, and upon review of Inmate Wells' declaration, it appears that Inmate Wells was a percipient witness to events leading up to and following the January 20, 2021 events at issue in this action.  Plaintiff's request for attendance of Inmate Wells at trial is therefore granted.

### C.   Inmate David Brinson

Plaintiff requests the attendance of Inmate David Brinson (CDCR #J-09563) at trial. (ECF No. 145, 147.)  While Plaintiff initially requested the presence of Inmate Brinson without including Inmate Brinson's full name or CDCR number, (ECF No. 145), Plaintiff later filed a supplement with Inmate Brinson's full information, (ECF No. 147).  Plaintiff states that Inmate Brinson has knowledge of Plaintiff's injuries, saw Defendant Hernandez hit Plaintiff, saw Defendant Leos grinding on Plaintiff, saw other staff just standing there, and told Plaintiff he remembered the incident and will testify.  (ECF No. 145.)  Plaintiff also attaches a declaration, signed by Inmate Brinson under penalty of perjury, setting forth his observations of the events at issue in this action and his willingness to testify.  (ECF No. 147, pp. 3–4.)

In light of Defendants' lack of opposition to Plaintiff's motion, and upon review of Inmate Brinson's declaration, it appears that Inmate Brinson was a percipient witness to the January 20, 2021 events at issue in this action.  Plaintiff's request for attendance of Inmate Brinson at trial is therefore granted.

### III.   Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.   Plaintiff's motions for attendance of incarcerated witnesses at trial, (ECF Nos. 142, 145, 147), are GRANTED, with respect to the following witnesses:

   a.   Inmate Arlington Heyligar (CDCR #G-41610);

b.  Nirran Wells (CDCR #AS-7049); and

c.  David Brinson (CDCR #J-09563); and

2.  The Court will issue the necessary writs of habeas corpus ad testificandum for the transportation of the incarcerated witnesses, prior to the trial in this matter.

IT IS SO ORDERED.

Dated:  __December 17, 2025__          ___/s/ Barbara A. McAuliffe___

UNITED STATES MAGISTRATE JUDGE