UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DURRELL ANTHONY PUCKETT,

Plaintiff,

v.

BARAONA, et al.,

Defendants.

No.  1:21-cv-01448-KES-FRS (BAM) (PC)

TENTATIVE PRETRIAL ORDER

Deadlines:

Motion in Limine Filing: **April 7, 2026**
Oppositions: **April 21, 2026**

Proposed Jury Instructions/
Verdict Form: **April 14, 2026**
Objections: **April 28, 2026**

Proposed Voir Dire: **May 5, 2026**

Exhibits due to Court: **May 5, 2026**

Trial Briefs: **May 5, 2026**

Trial Confirmation Hearing:
**May 4, 2026, at 3:00 p.m.**,
Courtroom 6

Jury trial: **May 12, 2026, at 8:30 a.m.**,
Courtroom 6

Estimated Trial Time: **3–4 days**

1

On January 26, 2026, the Court conducted a final pretrial conference.  Plaintiff Durrell Anthony Puckett appeared pro se.  David E. Kuchinsky appeared as counsel for defendants Baraona, Burnitzki, Leos, Hernandez, Diaz, A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price.  Having considered the parties' pretrial statements and views, the Court issues this tentative pretrial order.

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This action is set for trial on plaintiff's claims against: (1) Defendants Baraona, Burnitzki, Leos, Hernandez, and Diaz for excessive force in violation of the Eighth Amendment; (2) Defendant Leos for sexual assault in violation of the Eighth Amendment; and (3) Defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price for failure to protect in violation of the Eighth Amendment.

I.      JURISDICTION/ VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.  Jurisdiction is not contested. The events at issue took place in Corcoran, California.  Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district.  Venue is also not contested.

II.     JURY TRIAL

Defendants demand a jury trial.  The jury will consist of eight jurors.

III.    UNDISPUTED FACTUAL ISSUES[1]

1.      On January 20, 2021, Plaintiff was an inmate incarcerated by the California Department of Corrections and Rehabilitation (CDCR) at California State Prison, Corcoran in Building 3A03.

2.      Defendants are employees of CDCR who were assigned to California State Prison, Corcoran, and were acting within the scope of their employment during the events in this case.

---

[1] The parties agreed at the pretrial conference that the following facts were undisputed.

2

3.    At approximately 10:08 a.m. on January 20, 2021, Defendants Leos and Burnitzki were escorting Plaintiff back to his cell after a group therapy appointment.

4.    During the escort, an incident occurred, and Defendants Leos and Burnitzki used force on Plaintiff while Baraona was present.

5.    After the first incident, Plaintiff was escorted to a holding cell by Defendants Hernandez and Diaz.

6.    Once they reached the holding cell, another incident occurred, and Defendants Hernandez and Diaz used force on Plaintiff.

IV.    DISPUTED FACTUAL ISSUES

Plaintiff identifies the following disputed factual issues:

1.    Sexually being battered, beaten three times, others condoning it.  All done while Plaintiff was no threat and in cuffs out of reprisal.

2.    Whether Plaintiff was involved in an incident involving all defendants.

Defendants identify the following disputed factual issues:

1.    Whether Plaintiff attacked Defendants Leos and Burnitzki during the escort back to his cell.

2.    Whether Defendants Leos, Baraona, or Burnitzki used force on Plaintiff when he posed no threat.

3.    Whether Plaintiff attacked Defendants Hernandez and Diaz at the holding cell.

4.    Whether Hernandez or Diaz used force on Plaintiff when he posed no threat.

5.    Whether Defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, or Allison, or Price observed any excessive force being used on Plaintiff.

6.    The nature, extent, and cause of any injuries sustained by Plaintiff.

7.    Whether Plaintiff was medically evaluated after these incidents and returned to his housing unit.

V.    DISPUTED EVIDENTIARY ISSUES / MOTIONS IN LIMINE

The purpose of a motion in limine is to establish in advance of the trial that certain evidence should or should not be admitted at trial.  The Court will grant a motion in limine

3

precluding use of evidence only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without dependence on other evidence which will be introduced by the parties at trial.

In advance of filing any motion in limine, the parties shall meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. The parties shall exhaust efforts to resolve such evidentiary disputes prior to filing a motion in limine and shall include in any such motion a certification concerning their meet and confer efforts.

Any motion in limine shall be filed no later than **April 7, 2026**. The motion must clearly identify the nature of the evidence that the moving party seeks to have admitted or seeks to prohibit the other side from offering at trial. Any opposition to a motion in limine shall be filed no later than **April 21, 2026**. After reviewing the motions and any opposition briefs, the Court will notify the parties if a reply brief is necessary. As such, parties shall <u>not</u> file any reply briefs without Court approval. The Court will also notify the parties if it will hear argument on any motions in limine prior to the first day of trial. The parties are reminded they may still object to the introduction of evidence during trial.

<u>Plaintiff identifies the following disputed evidentiary issues</u>.

1.     Only plaintiff and his witnesses should say they are convicted felons, which should satisfy impeachment concerns. Plaintiff objects to defendants stating the reasons for the convictions.

2.     Plaintiff objects to the use of rules violation and incident reports not pertaining to the claims in this action. If defendants are allowed to introduce such reports, plaintiff states he should be permitted to introduce grievances filed against the defendants. Plaintiff notes that several defense witnesses have been written up or sued by inmates. He argues he should be allowed to access that information if defendants are allowed to use his history against him.

///

///

4

Defendants identify the following disputed evidentiary issues:

1. Defendants intend to file motions in limine to preclude Plaintiff from testifying, eliciting testimony, or introducing evidence of the following matters: (a) Plaintiff's own lay opinions regarding causation, diagnosis, or prognosis for any alleged injuries Plaintiff claims are related to Defendants' purported conduct; (b) any dismissed claims or Defendants; (c) hearsay statements, and documents containing hearsay statements, which Defendants anticipate Plaintiff may seek to introduce based on his previous statements and filings in this case; (d) Defendants' involvement in other lawsuits or incidents alleging misconduct; (e) offers to compromise; and (f) CDCR's indemnification of an adverse judgment.

2. Defendants will file a motion in limine to permit them to introduce evidence of Plaintiff's, and any incarcerated witness's, felony convictions and sentences for impeachment purposes.

3. Defendants reserve objections to specific testimony and exhibits until such time as Defendants have had the opportunity to hear such testimony and examine such exhibits. Defendants will also file specific objections to Plaintiff's exhibits once they have been exchanged with Defendants.

VI.    SPECIAL FACTUAL INFORMATION

Defendants identify the following special factual information pursuant to Local Rule 281(b)(6)(iv):

Plaintiff alleges that Defendants used excessive force against him, sexually assaulted him, and failed to intervene on January 20, 2021. Plaintiff brings a claim under 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment. Defendants deny Plaintiff's allegations. Defendants contend that the force used was reasonable and necessary, and no assault happened.

Defendants are informed and believe that Plaintiff is thirty-nine years old. Defendants deny Plaintiff suffered any significant injuries. Defendants assert that Plaintiff did not incur any medical expenses, did not suffer any disability, did not have any earnings before the incident, and did not suffer any earnings loss after the incident.

5

VII.    RELIEF SOUGHT

Plaintiff's position:

Plaintiff seeks a permanent injunction to a lower-level facility, compensatory damages (past and future), and punitive damages.

Defendants' position:

Defendants seek judgment in their favor and an award of costs.

VIII.    POINTS OF LAW

The claims and defenses arise under federal law.

1.    The elements of, standards for, and burden of proof in a cause of action under 42 U.S.C. § 1983 for excessive force in violation of the Eighth Amendment.

2.    The elements of, standards for, and burden of proof in a cause of action under 42 U.S.C. § 1983 for sexual assault in violation of the Eighth Amendment.

3.    The elements of, standards for, and burden of proof in a cause of action under 42 U.S.C. § 1983 for failure to protect in violation of the Eighth Amendment.

4.    The elements of, standards for, and burden of proof for an award of punitive damages.

Defendant also identifies the following additional points of law:

1.    Action Under 42 U.S.C. § 1983

This 42 U.S.C. § 1983 action is governed by federal law.  To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A person deprives another of a constitutional right under § 1983 only if he "does an affirmative act, participates in another's affirmative acts," or fails to perform a legally required duty which "causes the deprivation of which" the plaintiff complains.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

///

///

6

2.      Excessive Force

The Eighth Amendment protects inmates from cruel and unusual punishment, including the use of excessive force.  U.S. Const. amend. VIII; *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).  In the excessive force context, the United States Supreme Court has stated the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 501 U.S. at 4; *see also*, *Meredith v. Arizona*, 523 F.2d 481, 483 (9th Cir. 1975).

3.      Sexual Assault

To prevail on a sexual assault claim, a prisoner must prove that a staff member, acting under color of law and without legitimate penological justification, touched him in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning him.  *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  Courts must afford prison officials deference as legitimate penological concerns often require invasive searches due to the unique security concerns in prison.  *Id.* at 1145.  When an assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure."  *Id.* Brief inappropriate touching is generally insufficient, particularly if the touching occurs during an authorized search or penological procedure.  *Id.*

4.      Failure to Protect/Failure to Intervene

Prison officials have a duty to protect inmates from violence and physical abuse while in custody.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so.  *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  To establish a violation of this duty, the inmate must show that prison officials were "deliberately indifferent" to a serious threat to the inmate's safety.  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  A prison official

7

only acts with deliberate indifference when two requirements are met: (1) the objective requirement that the deprivation be "objectively, sufficiently serious;" and (2) the subjective requirement that the prison official had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 833–834.  The objective requirement is "contextual and responsive to contemporary standards of decency." *Id.* at 834.  The subjective requirement requires "more than an ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835.  The requisite state of mind falls "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836.  Mere negligence on the part of prison staff is not sufficient to prove deliberate indifference.  Acting or failing to act with deliberate indifference is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate.  *Id.*  Prison officials can be held liable for failing to intercede only if they had a realistic opportunity to do so.  *Ting v. United States*, 927 F.2d 1504, 1511–12 (9th Cir. 2000); *Munoz v. Cal. Dept. of Corr.*, No. CV-18-10264 CJC, 2020 U.S. Dist. LEXIS 224706 at * 12–13 (C.D. Cal., October 6, 2020).

     5.     Admissibility of Felony Convictions

For the purpose of attacking the character for truthfulness of a witness, evidence that a witness has been convicted of a crime that was punishable by imprisonment in excess of one year shall be admitted subject to Federal Rule of Evidence 403.  Fed. R. Evid. 609(a)(1); *see e.g.*, *Untied States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1983) (finding that trial court properly determined that probative value of seventeen-year-old conviction outweighed its prejudicial effect when needed to resolve significant conflict between defendant and the government's chief witness).

The presumption under Rule 609(a) is that the term "evidence" encompasses the essential facts of the conviction, including the statutory name of each offense, the date of conviction, and the sentence imposed.  *United States v. Estrada*, 430 F.3d 606, 615–16 (2d Cir. 2005); *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (stating that impeachment with prior convictions is generally limited to the crime charged, the date, and the disposition); *see also*, 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.20[2] at 609-57 (2d ed. 2005) ("When a prior conviction is admissible for impeachment, the impeaching party is

8

generally limited to establishing that bare facts of the conviction; usually the name of the offense, the date of the conviction, and the sentence.").

### 6.    Punitive Damages

Punitive damages are available in a § 1983 action only when a defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others.  *Smith v. Wade*, 461 U.S. 30, 51 (1983).  A finding that a defendant is not protected by qualified immunity does not automatically mean that punitive damages should be awarded.  *Hernandez-Tirado v. Artau*, 874 F.2d 866, 870 (1st Cir. 1989).  Nor is it enough that a defendant may have acted in an objectively unreasonable manner; his subjective state of mind must be assessed.  *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989).  Where there is no evidence that a defendant acted with evil intent, there is no legal right to punitive damages.  *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991).  The plaintiff alleging a § 1983 claim has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.  *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (citing Model Civ. Jury Instr. 9th Cir. 7.5 (2004)).

**ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.**

The parties may, but are not required to, file trial briefs addressing the points of law implicated by the claims and defenses.  Any trial brief shall be filed with the Court no later than **May 5, 2026**, in accordance with Local Rule 285.

IX.    ABANDONED ISSUES

The parties have not identified any abandoned issues.

///

///

///

///

///

9

X.    WITNESSES

Plaintiff's witnesses are listed in **Attachment A**. Defendants' witnesses are listed in **Attachment B**.

1. **The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

   a.    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   b.    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph 2, below.

2. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so the Court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

   a.    The witness could not reasonably have been discovered prior to the discovery cutoff;

   b.    The Court and opposing parties were promptly notified upon discovery of the witness;

   c.    If time permitted, the party proffered the witness for deposition; and

   d.    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment C**.  Defendants' exhibits are listed in **Attachment D**.

No exhibit shall be marked or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be marked for identification as JX and listed numerically, e.g., JX-1, JX-2.  To the extent the parties have any

10

objections to jointly marked exhibits, they must make such objections by the deadline set out below.  To the extent the parties also have separate exhibits, plaintiff's exhibits shall be listed numerically (e.g., Ex. 1, Ex. 2) and defendants' exhibits shall be listed alphabetically (e.g., Ex. A, Ex. B).  All exhibits must be pre-marked.

The parties shall serve one (1) copy of their trial exhibits on the other party by no later than **April 14, 2026**.  Any objections to exhibits shall be filed on or before **April 28, 2026**.  The final exhibits are due to the Court on **May 5, 2026.**  In making any objection, the party is to set forth the grounds for the objection.  **<u>Any exhibit which is not objected to shall be marked and received into evidence and will require no further foundation.</u>**

Defense counsel must prepare four (4) separate exhibit binders with the parties exhibits for use by the Court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The final exhibit binders, along with exhibit lists, shall be submitted to Courtroom Deputy Victoria Gonzales no later than **May 5, 2026.**

**The Court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

1.  The Court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    a.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    b.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

2.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    a.  The exhibits could not reasonably have been discovered earlier;

11

   b.  The Court and the opposing parties were promptly informed of their existence; and

   c.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.    DISCOVERY DOCUMENTS

The following is a list of discovery documents that the parties expect to offer at trial.

1.    Plaintiff's position: None specified.

2.    Defendants' position: Defendants' pretrial statement does not separately identify a list of discovery documents they intend to offer at trial, but defendants have identified plaintiff's deposition transcript as an exhibit to be introduced at trial.

**NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION OF THE FINAL PRETRIAL ORDER, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).**

Counsel must lodge a copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **April 28, 2026**.

XIII.    FURTHER DISCOVERY OR MOTIONS

1.    No further discovery is sought by either party.

2.    Defendants intend to file motions in limine and a motion relating to restraints and security needs for Plaintiff at trial, but no other pretrial motions.

XIV.    STIPULATIONS

Defendants are willing to stipulate to the authenticity of Plaintiff's unaltered records from his central and medical files maintained by CDCR and any CDCR record generated and maintained in the regular course of business, which may be used as exhibits at trial.

The parties shall meet and confer to see if any stipulations can be reached prior to trial.

12

XV.   AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

No settlement conference is set at this time.

XVII. JOINT NEUTRAL STATEMENT OF THE CASE

Plaintiff appears to request an agreed statement containing an advisement that defendant Hernandez has a history of being involved in six use of force incidents with Plaintiff since this lawsuit commenced, and that Plaintiff is suing Hernandez and Baraona in two lawsuits.

Defendants do not believe an agreed statement is feasible.

The parties did not provide a joint statement of the case. The parties may file by **April 28, 2026**, a joint proposed Neutral Statement to be read to the jury. Otherwise, the Court may propose the following Neutral Statement:

> This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Durrell Puckett alleges that defendants Baraona, Burnitzki, Leos, Hernandez, and Diaz used excessive force against him, and that defendant Leos sexually assaulted him, in violation of his Eighth Amendment rights. Plaintiff further alleges that defendants A. Ruiz, E. Ruiz, Meier, Gutierrez, Allison (Cronister), and Price failed to protect him from the excessive force and sexual assault, in violation of his Eighth Amendment rights. Defendants dispute plaintiff's claims.

XVIII. SEPARATE TRIAL OF ISSUES

Plaintiff does not request a separate trial of any issues. Defendant requests that the trial be bifurcated, with the issue of punitive damages being tried separately, if necessary, following resolution of the liability phase.

There will be no separate trial of issues in this action, except that the Court will bifurcate the trial with respect to the amount of punitive damages, if necessary. Should a jury find punitive liability in the first phase of the trial, the trial will proceed to a second phase which will consist of any evidence and argument with respect to the appropriate amount of punitive damages. The parties may not present evidence regarding the amount of punitive damages until the second phase of the trial.

13

XIX.    IMPARTIAL EXPERTS/LIMITATIONS OF EXPERTS

None.

XX.    ATTORNEYS' FEES

Plaintiff, who is proceeding pro se, is not entitled to attorney's fees.  Defendants will seek costs if successful, but not attorneys' fees.

XXI.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Plaintiff has not identified any information relating to a trial protective order or redaction of trial exhibits.

Defendants do not anticipate that a trial protective order will be necessary.

Pursuant to the Court's policy, at the end of the trial the Court will return all exhibits to the proffering party to be retained during the pendency of any appeals.

XXII.    MISCELLANEOUS

Defendants intend to file a motion requesting the use of special restraint procedures for plaintiff at trial.  Plaintiff intends to oppose the motion.  The deadline for defendants to file a motion regarding special restraint procedures for plaintiff at trial is **February 20, 2026**.  Plaintiff shall file any opposition to the motion by **March 13, 2026**.  Defendants shall file any reply no later than **March 27, 2026**.  If the Court determines that it will hear oral argument on the motion, the motion may be heard at the trial confirmation hearing on May 4, 2026.

XXIII.    ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **May 12, 2026, at 8:30 a.m.**, in Courtroom 6 before District Judge Kirk E. Sherriff.  Trial is anticipated to last 3–4 days.  A trial confirmation hearing is set for **May 4, at 3:00 p.m.**, in Courtroom 6.

Defense counsel shall contact Courtroom Deputy, Victoria Gonzales, at (559) 499-5676 or vgonzales@caed.uscourts.gov for the Zoom dial-in information for all parties.  **Defense counsel is required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed to provide the necessary dial-in information and confirm whether the institution is able to produce Plaintiff for a video appearance at the scheduled date and time**.

14

XXIV. <u>PROPOSED JURY VOIR DIRE, JURY INSTRUCTIONS, AND VERDICT FORM</u>

**1.** **Proposed Jury Voir Dire**

    i.    The parties shall file any proposed jury voir dire by **May 5, 2026**. Each party will be limited to fifteen minutes of jury voir dire, unless they show good cause for additional time.

**2.** **Proposed Jury Instructions and Proposed Jury Verdict Form**

    i.    The Court directs the parties to meet and confer, if possible, to generate a joint set of jury instructions and a joint verdict form. The parties shall file by **April 14, 2026,** any such joint set of instructions, identified as "Joint Proposed Jury Instructions," and any agreed upon verdict form, identified as a "Joint Proposed Verdict Form." If the parties cannot agree upon certain specific jury instructions and/or the verdict form, defendants shall file proposed jury instructions and a proposed verdict form as provided in Local Rule 163 by **April 14, 2026**. Plaintiff is not required to file proposed jury instructions or a proposed verdict form, but if he wishes to do so, he must file them by **April 14, 2026**.

    ii.    The parties shall indicate on any proposed jury instructions or proposed verdict form the party submitting the proposed instructions or verdict form (i.e., joint, plaintiff's, or defendants').

    iii.    The parties shall also include on all proposed jury instructions the following:

        a.    The number of the proposed instruction in sequence.

        b.    A brief title for the instruction describing the subject matter.

        c.    The complete text of the instruction.

        d.    The legal authority supporting the instruction.

        e.    The parties shall, by italics or underlining, designate any modification from statutory or case authority, or any pattern or form instruction, or any other source of pattern instructions.

f.  The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

g.  All blanks in form instructions should be completed and all brackets removed.

iv.  Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by the model instructions, including for all standard instructions.  State model jury instructions, such as BAJI or CACI instructions, shall be used where applicable as to state law claims.  The parties shall designate, by italics or underlining, any proposed modification of instructions from any pattern instruction, such as the Ninth Circuit Model Civil Jury Instructions or other pattern instructions, or from statutory or case authority.  The parties must specifically state the modification made to the standard instruction and the legal authority supporting the proposed modification.  All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative instructions will not be given and must not be submitted.

v.  Defense counsel shall e-mail two copies of their proposed jury instructions in Microsoft Word to vgonzales@caed.uscourts.gov no later than **April 14, 2026**.  One set shall indicate the party proposing the instruction, with each instruction numbered, and shall cite supporting authority.  The other set shall be an exact copy of the first set but shall be a "clean" copy that does not contain the identification of the offering party, the instruction number, supporting authority, or any reference to the Court's disposition of the proposed instruction.

vi.  Defense counsel shall also provide a copy of their proposed verdict form(s) in Microsoft Word to vgonzales@caed.uscourts.gov no later than **April 14, 2026**.

16

**3.      Objections to proposed jury instructions or proposed verdict form**

          i.      The parties must file any objections to proposed jury instructions or to a proposed verdict form by **April 28, 2026**.  Each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. <u>TRIAL BRIEFS</u>

The parties are relieved of their obligation under Local Rule 285 to file a trial brief.  If any party wishes to file a trial brief, they must do so by **May 5, 2026**.  Any trial briefs shall contain the information required by Local Rule 285.

XXVI. <u>USE OF ELECTRONIC EQUIPMENT IN COURTROOM</u>

Court staff will assist plaintiff at trial in presenting exhibits using the Court's projector system, as needed.

Counsel wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Victoria Gonzales at (559) 499-5676 or vgonzales@caed.uscourts.gov at least three (3) weeks before the start of trial to schedule a tutorial session at a time convenient to the Court's information technology staff.  Counsel will not be provided any training on the day of or during the trial.  The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time.  It is the responsibility of counsel to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial.  If counsel is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs, or expenses associated with any delay.

## XXVII. OBJECTIONS TO TENTATIVE PRETRIAL ORDER

The parties may file objections, if any, to this Tentative Pretrial Order within **14 days of the entry of this order**. The parties may file a response to the other party's objections within **7 days after** the filing of the objections. **If no objections are filed, this order will become final without further order of the Court.**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

## XXVIII. COMPLIANCE WITH PRETRIAL ORDER

Strict compliance with this pretrial order and its requirements is mandatory. The Court will enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to comply fully with this order and its requirements. The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders. Failure to do so will make the parties and/or counsel subject to sanctions.

IT IS SO ORDERED.

Dated:    January 26, 2026

_____
UNITED STATES DISTRICT JUDGE

18

**ATTACHMENT A: Plaintiff's Witnesses**

1.   Durrell Anthony Puckett

2.   Arlington Heyligar, CDCR No. G-41610

3.   Nirran Wells, CDCR No. AS-7049

4.   David Brinson, CDCR No. J-09563

**ATTACHMENT B: Defendants' Witnesses**

1.   Durrell Puckett, Plaintiff

2.   A. Baraona, Defendant

3.   H. Hernandez, Defendant

4.   A. Ruiz, Defendant

5.   E. Ruiz, Defendant

6.   R. Burnitzki, Defendant

7.   R. Leos, Defendant

8.   E. Diaz, Defendant

9.   G. Meier, Defendant

10.   R. Gutierrez, Defendant

11.   K. Allison, Defendant

12.   T. Price, Defendant

13.   J. Cruz

14.   R. Martinez

15.   R. Roberts

16.   T. Sanders

17.   M. Navarro

18.   J. Holland

19.   C. Bencito

20.   Custodian of Records for Plaintiff's central file and medical records

**ATTACHMENT C: Plaintiff's Exhibits**

| Ex. | Description |
|-----|-------------|
| 1. | Arlington Heyligar Declaration (January 20, 2021) |
| 2. | Nirran Wells Declaration (October 23, 2023) |
| 3. | David Brinson Declaration (October 26, 2025) |

**ATTACHMENT D: Defendants' Exhibits**

| Ex. | Description |
|-----|-------------|
| A. | Incident Report 17371 |
| B. | Rules Violation Report 7057337 |
| C. | Inmate Grievance 83455 |
| D. | Medical Reports of Injury or Unusual Occurrence for Plaintiff, dated January 20, 2021 |
| E. | Photographs of California State Prison, Corcoran, Building 3A03 |
| F. | Video interviews of Plaintiff dated January 20, 2021, and January 27, 2021 |
| G. | Staff Sign-in Sheets for January 20, 2021 |
| H. | Spit mask restraining device |
| I. | Deposition transcript of Plaintiff dated April 25, 2023 |
| J. | Complaint dated September 24, 2021 |
| K. | First Amended Complaint dated January 24, 2022 |
| L. | Second Amended Complaint dated March 20, 2024 |
| M. | Abstracts of Judgment dated January 24, 2008, August 21, 2018, July 13, 2019, September 13, 2019 |
| N. | Excerpts of Plaintiff's medical and mental health records for impeachment purposes depending on Plaintiff's testimony in trial |
| O. | Excerpts of Plaintiff's disciplinary and rules violation report history for impeachment purposes depending on Plaintiff's testimony in trial |